IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lennell Dyches # 13771-171, | ) | C/A No.: 1:10-2093-SB-SVH |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| United States of America, | ) | |
| Respondent. | ) | |

I. Introduction

This is a civil action filed *pro se* by a federal prison inmate.[1] On April 26, 2007, Petitioner Lennell Dyches, was convicted in this court on bank robbery and firearm charges following his entry of a guilty plea to the charges. *United States v. Dyches*, No. 8:06-cr-136-JFA-1 [Entry #69].[2] This civil action is based on a Petition for Writ of Mandamus seeking an order that Petitioner be provided, free of charge, two transcripts from two different hearings held in his criminal case. Petitioner states that he wants a transcript of both the competency hearing held on May 8, 2006 [Entry #34] and of the sentencing hearing held on April 20, 2007 [Entry #68].

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Civ. R. 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] All references to Entry numbers in this Report and Recommendation are from Petitioner's criminal case, *United States v. Dyches*, No. 8:06-cr-136-JFA-1.

Although the docket of his criminal case discloses that Petitioner has written several letters to the court since the time of his conviction and sentencing seeking copies of various documents that were filed in this criminal case [Entry #116, #118, #119), it does not appear that he has attempted to obtain these transcripts by communicating by with the Clerk's Office, specifically requesting such transcripts from the court reporter, and paying for the transcripts.  It is clear that no motions have been filed in his criminal case seeking free transcripts of these two hearings.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* pleading, the filer's allegations are assumed to

be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Petition filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.     Discussion

Petitioner is a federal inmate who wishes to obtain a copy of two different hearings that were held in his criminal case. He has now filed a Petition for a Writ of Mandamus asking the Court to provide the transcripts to him. There is nothing in the Petition showing that he made any attempts to obtain the transcripts through more appropriate means prior to filing this civil action. The Petition in this case is subject to summary dismissal because mandamus is not the proper procedure for obtaining court records. Petitioner has other available adequate remedies he has yet to pursue including: (1) engaging in informal communication with the Clerk's office, completing a transcript request, and paying for the transcript; or (2) filing a motion in his criminal case showing a compelling need of the transcripts, including an explanation of why he is unable to order and pay for them himself.

It is well settled that a writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its

own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587–88 (4th Cir. 1969). The United States Supreme Court has discussed the extraordinary nature of the mandamus writ and held that it may be issued only in exceptional circumstances:

> In order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, hardly ever!"

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35–36 (1980) (citations and quotations omitted).

The Fourth Circuit also emphasizes that the availability of an alternative remedy is central to the consideration of whether the case is exceptional enough to warrant issuance of a writ of mandamus. That court has held that where there is an alternate way for the petitioner to obtain the relief he desires, mandamus will not lie. *See Pet. of Int'l Precious Metals Corp.*, 917 F.2d 792 (4th Cir. 1990). Furthermore, the duties claimed to be owed by the officer or employee of the United States must be "plainly defined and peremptory" in order for mandamus to issue to compel the performance of such duty. *See United States v. Helvering*, 301 U.S. 540 (1937).

It is clear from the docket of his criminal case that Petitioner knows how to write letters to the Clerk's Office and seek information about obtaining copies of documents filed in his criminal case. It is also clear from responses from the Clerk's office to some

of his letters, that Petitioner is aware that, as a general matter, the person asking for copies of documents from a court file is personally responsible for clearly requesting and paying for those copies. In July 2008, the court specifically responded to one of Petitioner's letters requesting documents, informing him of the total cost of pages he requested and advising him of the procedure for requesting the same. [Entry #90]. On January 4, 2010, the court again responded to Petitioner, informing him of the cost for his requested document and again informing him how to obtain the copy with a self-addressed envelope. [Entry #117]. A review of the docket reveals that Petitioner never asked the court for information on how to obtain the transcript copies which are the subject of his Petition for Mandamus. Instead, Petitioner chose to file this mandamus action.

Had Petitioner contacted the Clerk's Office before filing this Petition, he would have been given the name and contact information for the court reporter who reported the relevant hearings and advised that he must personally contact the court reporter, request a transcript of the hearing, and make financial arrangements to pay for the cost of the transcript. The proper procedure for litigants or attorneys seeking transcripts is to complete a Form AO 435, as this is generally the only way to obtain a copy of a transcript of a hearing, even for indigent *pro se* litigants. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (the costs of an "*in forma pauperis*" plaintiff or petitioner are neither underwritten nor waived). There is always a possibility that a litigant can present sufficiently compelling arguments in a motion filed in the criminal case to obtain a court

order for free transcripts, although such grants are extremely rare, and the government generally has no duty to provide them when requested. Because Petitioner has not pursued these two adequate and available remedies, his request is not exceptional to justify the use of an extraordinary writ of mandamus to obtain items from his criminal case. Additionally, mandamus relief should also be denied because the duty of providing free copies is not plainly defined and peremptory.

IV.    Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the Petition in this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 7, 2011                                            Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**