IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 MAR 11  P 2: 12

Lennell Dyches, #13771-171,  )
                             )
        Petitioner,          )
                             )
v.                           )      Civil Action NO. 1:10-2093-SB
                             )
United States of America,    )      **ORDER**
                             )
        Respondent.          )
_____)

This matter is before the Court upon the Lennell Dyches' petition for a writ of mandamus, which was filed pro se. In his petition, Dyches seeks an order that he be provided, free of charge, transcripts from two hearings in his criminal case (United States v. Dyches, Criminal No. 8:06-136). Specifically, Dyches requests transcripts of the competency hearing held on May 8, 2006, and the sentencing held on April 20, 2007.

On February 7, 2011, United States Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R"), analyzing the issues and determining that Dyches' petition is subject to summary dismissal because mandamus is not the proper procedure for obtaining court records. In the R&R, the Magistrate Judge noted that the writ of mandamus is an extraordinary remedy that may be issued only in exceptional circumstances and that, in this case, Dyches may pursue other remedies, including (1) engaging in formal communication with the Clerk's Office and completing a transcript request; or (2) filing a motion in his criminal case and outlining a compelling need for the transcripts, including the reasons why he is unable to pay for them himself.

Dyches filed written objections to the R&R, wherein he asserts that he has attempted to obtain these transcripts from the court reporter and that he has not filed any

motions because he was relying on informal communication. Dyches also states that he has "three 'omitted transcript' copies of both hearings," and he further states that he has taken "all sorts of measures to obtain 'original transcripts,' not transcripts that have omissions." (Entry 21 at 1-2.) He requests that the Court grant his petition for mandamus and allow the parties to review the audio of each of the hearings.

Attached to his objections, Dyches included copies of letters written to him by the court reporter, apparently in response to his letters to her requesting copies of the transcripts. He also included a letter to the Clerk where he claims that the copies of the transcripts he received have parts that are omitted – "parts that would have given me an opposing outcome to what's been given." (Entry 21-1 at 6.) The Clerk's response to Dyches, the court reporter's letters, and even Dyches' own handwritten notes on these communications indicate that he has received complete copies of his transcripts, although he believes otherwise. In these communications, the Clerk indicated to Dyches the number of pages included in the transcript; the court reporter told him that she provided "genuine and verbatim transcripts of the proceedings" without any changes; and Dyches indicates that "[a] family member went to read the transcripts after paying $50.00 while at the courthouse. When he discovered they were identical to the ones I already have, he gave them back for refund."

Here, it is clear by Dyches' own admissions as well as the documents submitted by him that he has obtained complete copies of the transcripts at issue, although he has personal beliefs to the contrary. After review, therefore, the Court agrees with the Magistrate Judge that exceptional circumstances do not support Dyches' request for the extraordinary remedy of mandamus. Moreover, the Court finds that his objections are

2

without merit. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 19) is adopted; Dyches' objections (Entry 21) are overruled; and this petition is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 10, 2011
Charleston, South Carolina

#3